<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND DAVID MARTIN,<br><br>Defendant and Appellant. | C091375<br><br>(Super. Ct. No. 05F11358)<br><br>MODIFICATION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on December 14, 2022, be modified as follows:

1.    Delete the first sentence in footnote 2 on page 2 beginning with "Effective June 20, 2022," and insert the following sentence in its place:

Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6.

This modification does not change the judgment.

BY THE COURT:

_____
HULL, Acting P.J.


_____
MAURO, J.


_____
RENNER, J.

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091375 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F11358) |
| v. | OPINION ON TRANSFER |
| RAYMOND DAVID MARTIN, | |
| Defendant and Appellant. | |

Defendant Raymond David Martin was convicted of first degree murder with robbery and burglary special circumstances, and was sentenced to life without the possibility of parole. We affirmed his convictions on appeal. (*People v. Martin* (June 8, 2010, C058391) [nonpub. opn.].)

1

Defendant later petitioned for resentencing under Penal Code[1] section 1172.6[2] based on changes to the felony murder rule and natural and probable consequences doctrine under Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019) (Senate Bill 1437). The court denied defendant's petition after finding he was ineligible for relief given the jury's special circumstance findings.

In an unpublished opinion, we affirmed the court's order denying defendant's resentencing petition, holding that the jury's true special circumstance findings, which had not been set aside through habeas, precluded relief under section 1172.6 as a matter of law. (*People v. Martin* (Sept. 27, 2021, C091375) [nonpub. opn.].)

The California Supreme Court subsequently granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). By separate order, we vacated our decision.

In supplemental briefing after transfer, the parties agree that under *Strong* the jury's true findings on the robbery-murder and burglary-murder special circumstance allegations, which were made before our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) clarified what it means to be a major participant who acts with reckless indifference to human life, do not render defendant ineligible for relief as a matter of law. Having reconsidered the matter, we agree and will reverse and remand for further proceedings under section 1172.6.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Effective June 20, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.) Defendant filed his petition under former section 1170.95, but we will refer to the current section number throughout this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, a jury found defendant guilty of first degree murder (§ 187), assault with a firearm (§ 245, subd. (b)), first degree burglary (§ 459), and robbery (§ 211), and found true special circumstance allegations of robbery-murder (§ 190.2, subd. (a)(17)) and burglary-murder (§ 190.2, subd. (a)(17)), and that a principal was armed with a firearm during the commission of the crimes. (§ 12022, subd. (a)).

The convictions resulted from an attempted home invasion robbery of a drug dealer by defendant and his two codefendants, Vincent Gregory and Stanley Mason. During the robbery, Gregory shot and killed a man and shot the man's girlfriend in the leg.

In 2019, defendant filed a section 1172.6 petition for resentencing, seeking to vacate his murder conviction on the ground that he could no longer be convicted of first degree murder because of changes made to sections 188 and 189 by Senate Bill 1437, effective January 1, 2019. The trial court appointed counsel and set a briefing schedule.

After the parties submitted their briefs, the court denied the petition, finding defendant failed to show he fell within the provisions of section 1172.6 and therefore failed to make a prima facie showing of eligibility for relief. Specifically, the court found relevant that a jury unanimously found defendant guilty of first degree murder and also found true the burglary-murder and a robbery-murder special circumstances. The jury's findings, including special circumstances, were then upheld on appeal. Thus, the court concluded defendant was ineligible for relief under section 1172.6 because "Penal Code §§ 187 [*sic*] and 189 still provide for first degree murder based on burglary-murder and robbery-murder, when the trier of fact has found beyond a reasonable doubt that the defendant either was the actual killer, intended to kill, or was a major participant who acted in the burglary and robbery with reckless indifference to human life, as a unanimous jury in [defendant's case] necessarily found," and the jury's special circumstances findings have not been vacated. Defendant timely appealed.

3

Defendant originally argued the trial court prejudicially erred when it denied his petition after finding the jury's pre-*Banks* and *Clark* special circumstance findings conclusively established his ineligibility for resentencing because the jury necessarily concluded that he was either the actual killer, a major participant, or acted with reckless indifference. In supplemental briefing, the parties now agree, as do we, that the trial court erred in denying defendant's petition.

Senate Bill 1437 amended the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if: (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

As pertinent here, Senate Bill 1437 also added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1172.6, subd. (a).) Upon submission of a facially sufficient petition that requests counsel, the court shall appoint counsel and provide the parties an opportunity to submit

4

briefs. (§ 1172.6, subds. (b)(3), (c).) Following briefing, the court must hold a hearing to determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subd. (c).) If a sufficient prima facie showing is made, the court must issue an order to show cause. (§1172.6, subds. (c), (d).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Since defendant's convictions, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark*. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, abrogated on other grounds in *People v. Lewis, supra*, 11 Cal.5th at p. 963.) After we rejected defendant's claims in our previous opinion, our Supreme Court decided *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*People v. Strong, supra*, 13 Cal.5th at p. 710.) Here, the trial court concluded that the jury's pre-*Banks* and *Clark* findings, which defendant had never set aside through habeas, precluded defendant from making a prima facie showing. The trial court's conclusion does not survive *Strong*.

Defendant's resentencing petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6 if proven. (§ 1172.6, subds. (a)-(c); *People v. Lewis, supra*, 11 Cal.5th at pp. 970-972.) Nothing in the record demonstrates

5

defendant is ineligible for relief as a matter of law, so we must reverse and remand the matter for the trial court to issue an order to show cause, and, to the extent necessary, conduct an evidentiary hearing. (§ 1172.6, subd. (d).) We express no opinion on the ultimate resolution of the petition.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed. On remand, the trial court is directed to issue an order to show cause, and, to the extent necessary, the court shall hold an evidentiary hearing on the petition.

_____
HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
RENNER, J.

6